**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |  |
|---|---|---|
| ALFREDO CARRATALA, | : | Civil No.  10-549 (JBS) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| WARDEN DONNA ZICKEFOOSE, | : | |
| Respondent. | : | |

**APPEARANCES:**

    ALFREDO CARRATALA, Petitioner pro se
    # 12072-004
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

    ELIZABETH ANN PASCAL, AUSA
    U.S. DEPARTMENT OF JUSTICE, U.S. ATTORNEY'S OFFICE
    401 Market Street, P.O. Box 2098
    Camden, New Jersey 08101
    Counsel for Respondent

**SIMANDLE, District Judge**

Petitioner, Alfredo Carratala ("Carratala"), presently confined at the FCI Fort Dix in Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3), challenging his continued placement in the Special Housing Unit since August 26, 2009.  The named respondent is the Warden at FCI Fort Dix, where Carratala was confined at the time he filed his habeas petition.  This Court has reviewed the petition and the answer and relevant record provided by

Respondent, and for the reasons stated below, finds that the petition should be dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Carratala is a federal prisoner designated to the FCI Fort Dix since March 9, 2007. (Declaration of Tara Moran, at ¶ 5 and Exhibit 2 (Inmate History)). On August 26, 2009, Carratala was issued an Incident Report No. 1912921, charging him with a Code 108 violation, Possession of a Hazardous Tool (cell phone) inside a secure facility. (Id., ¶ 5, Ex. 3 (Incident Report) and Ex. 4 (Inmate Discipline Data, Pending Reports)). As a result of the incident, Carratala was placed in the Special Housing Unit ("SHU") in administrative segregation ("AS") status. Also on August 26, 2009, the incident report was "suspended" pending an FBI referral and investigation. (Id., ¶ 5, Exs. 4, 5). Carratala has remained in the SHU since August 26, 2009, except for two occasions when he was temporarily housed in the Health Services Department.[1] (Id., Ex. 5).

Carratala filed this habeas petition, pursuant to 28 U.S.C. § 2241, on or about February 1, 2010, seeking his release from the SHU to a federal holding facility. He claims that his

---

[1] Carratala was in the Health Services Department's West Compound Health Services from December 17, 2009 through December 18, 2009, and in the East Compound Health Services from December 24, 2009 through December 28, 2009. (See Moran Decl., Ex. 5).

confinement in the SHU/AS was without due process.  On November 12, 2010, respondent filed an answer together with the relevant administrative record.  (Docket entry no. 5).

Respondent informs that, while Carratala was in the SHU, he received additional and numerous incident reports.  Consequently, he has received disciplinary segregation ("DS") as a sanction. (Moran Decl., ¶ 5 and Ex. 7).  Specifically, on November 6, 2009, Carratala was sanctioned for a Code 203 violation (threatening bodily harm), and a Code 307 violation (refusing to obey an order).  He was sanctioned to an aggregate time of 30 days in DS. (Id., Ex. 7).  On November 13, 2009, Carratala was sanctioned yet again for another Code 203 and Code 307 violation.  The sanction imposed for the Code 203 was 30 days DS to run concurrent with the earlier DS sanction, and a consecutive 21 days DS on the Code 307 violation.  (Id., Ex. 7).  On December 11, 2009, Carratala was sanctioned for a third Code 307 violation and received 30 days DS to run consecutive to the earlier sanctions.  (Id.).

Respondent further informs the Court that Carratala's August 26, 2009 Incident Report recently was released by the FBI for administrative processing by the Federal Bureau of Prisons ("FBOP").  The incident report currently is pending before the Disciplinary Hearing Officer ("DHO") for final disposition of the Code 108 violation.  (Moran Decl., ¶ 5 and Ex. 8).

Carratala seeks his release from SHU into general population. He also complains that he has limited access to the law library while he is in AS. The respondent contends that the petition should be dismissed for lack of subject matter jurisdiction, or in the alternative, because the petitioner does not have a protected liberty interest in being housed in a general population facility. Respondent also argues that Carratala has failed to exhaust his administrative remedies.

## II. ANALYSIS

A. Standards of Review

Carratala brings his habeas petition as a pro se litigant. A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

4

28 U.S.C. § 2241(a), (c)(3).

B.  Lack of Jurisdiction

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997). See also Wilkinson v. Dotson, 544 U.S. 74 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence. See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, however, Carratala's challenge regarding his confinement in the SHU/AS does not affect the fact or the length of his incarceration. Consequently, habeas relief is unavailable to him. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007)(holding that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal

Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that the district court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002)(unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002).  For example, in Bronson, petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed him in a prison restricted housing unit, similar to the petitioner here.  See Bronson, 56 Fed. Appx. at 552.  The court of appeals rejected petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of petitioner's incarceration would not be affected. See id. at 554.

Also, in Jamieson v. Robinson, the Third Circuit noted that the relief requested by petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement."  641 F.2d 138, 141 (3d

6

Cir. 1981).  The Third Circuit followed United States Supreme Court precedent in Preiser, to note that the district court was incorrect in finding that petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  Nevertheless, the court of appeals found that despite this error, petitioner's claims were subject to dismissal.  See id.

In the present case, Carratala's claims plainly involve conditions of prison life, not the fact or duration of his incarceration.  For instance, he challenges his continued confinement in the SHU/AS and complains that his segregation affects his access to the prison law library and telephone, which is permitted more frequently in general housing.  Thus, this action is more properly brought in an action under a civil rights complaint under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2]

---

[2]  To the extent that Carratala argues that his AS status deprives him of liberty without due process in violation of the Fifth Amendment, his claims would appear to be without merit. See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976)(noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, see 18 U.S.C. § 4081, and thus implicate "no

Therefore, upon careful review of the petition as discussed above, this Court concludes that Carratala does not seek speedier or immediate release from custody, nor does he challenge the legality of his present incarceration.  Rather, Carratala simply disputes his assignment in the SHU/AS and seeks a transfer to a general housing facility, which is a challenge to the conditions of his confinement more appropriately remedied in a civil rights action under Bivens.  Consequently, the petition will be dismissed without prejudice to any right Carratala may have to reassert his present claim in a properly filed civil rights complaint.[3]

---

legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008)(it is well established that an inmate has no liberty interest in a particular custody level or place of confinement).  See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995)(holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989)(holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met).  See also Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007)(inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility).

    [3]  The Court notes that, should Carratala decide to file a civil rights complaint in this District Court, he must either pay the $350.00 filing fee or submit a complete in forma pauperis ("IFP") application with his six month prison account statement, pursuant to 28 U.S.C. § 1915(a)(2).

## **CONCLUSION**

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  An appropriate Order accompanies this Opinion.


                                          **s/ Jerome B. Simandle**
                                          JEROME B. SIMANDLE
                                          United States District Judge

Dated:    **July 6, 2011**